UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MOORE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AIR METHODS, INC. and )<br>PHPA OPEIU LOCAL 109, )<br>)<br>    Defendants. ) | Civil Action No. 3:CV-14-0684<br>    (Judge Mariani) |

_____

**DEFENDANT AIR METHODS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**
_____

Defendant Air Methods, Inc. ("Air Methods" or "Defendant"), by and through its attorneys, respectfully submits its Brief in Support of Motion for Sanctions ("Brief"), and in support thereof states as follows:

**PROCEDURAL HISTORY**

On March 4, 2014, Plaintiff filed a Complaint in the Carbon County Court of Common Pleas in the state of Pennsylvania. *See* Complaint, Exhibit A to Notice of Removal, [Doc. 1]. In the Complaint, Plaintiff only alleges a "hybrid action pursuant to Railway Labor Act, 45 U.S.C. § 151 *et. seq.*," against both Defendants Air Methods and PHPA OPEIU Local 109 ("Union"). Complaint, p 4.

On May 22, 2014, after removing this matter to the U.S. District Court for the Middle District of Pennsylvania, Air Methods filed a Motion for Judgment on the Pleadings, [Doc. 10], and a Brief in Support of its Motion for Judgment on the Pleadings, [Doc. 11]. In its Motion for Judgment on the Pleadings, Air Methods argued that it was entitled to judgment on the pleadings because (1) Plaintiff's claim is barred by the applicable statute of limitations, and (2) Air

Methods did not breach the applicable collective bargaining agreement ("CBA").  *See* Brief in Support of Motion for Judgment on the Pleadings, p. 4.  Plaintiff filed a Brief in Opposition to Air Methods' Motion for Judgment on the Pleadings, ("Brief in Opposition"), [Doc. 12], and an Answer to Air Methods' Motion, [Doc. 13], and Air Methods subsequently filed a Reply in Support of its Motion, [Doc. 15].

On June 26, 2014, the Court converted Air Methods' Motion for Judgment on the Pleadings into a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d).  *See* June 26, 2014 Order, p. 3, [Doc. 19].  The Court also permitted a period of discovery, which concluded on October 1, 2014 and which was limited to any material that is pertinent to the statute of limitations issue.  *Id.* at 4.  During the discovery period, the Defendants deposed Plaintiff and Plaintiff deposed the Union's previous President, Dan McDade.  The two depositions did not disclose any additional facts or information warranting tolling, estoppel, or an alteration in the accrual date of the statute of limitations period.  To the contrary, the testimony given at the two depositions made it apparent that any reasonable investigation by Plaintiff's counsel, prior to filing the Complaint, would have disclosed that this matter is barred by the statute of limitations.

Because there were no reasonable arguments against application of the statute of limitations to dismiss Plaintiff's Complaint, on October 23, 2014, undersigned counsel contacted Plaintiff's counsel – Donald Russo – to discuss his withdrawal of the Complaint and to express undersigned counsel's belief that Mr. Russo and Plaintiff may have exposure for attorneys' fees and sanctions in this matter.[1]  During that call, Mr. Russo indicated that he did not have time to discuss this issue and, in any event, would not withdraw the Complaint.  Mr. Russo promptly

---

[1] On October 15, 2014, the Union sent Mr. Russo a letter stating that it believes Plaintiff's maintenance of this action violated Fed. R. Civ. P. 11.  The Union's letter and intentions, however, are not at issue in this Brief.  Thus, the Union's letter is not attached hereto or analyzed herein.

2

terminated the telephone call.  On the same day, undersigned counsel emailed Mr. Russo in an effort to schedule another telephone conference to discuss this matter in greater detail.  *See* October 23, 2014 Email, attached hereto as **Exhibit 1**.  Mr. Russo did not respond.

On October 24, 2014, Mr. Russo sent a letter to undersigned counsel reiterating his intention not to withdraw the Complaint and citing a variety of Third Circuit cases standing for the proposition that sanctions and attorneys' fees are extraordinary relief.  *See* October 24, 2014 Letter from Donald Russo, attached hereto as **Exhibit 2**.  Undersigned counsel did not respond to Mr. Russo's letter.

On November 25, 2014, because Plaintiff did not withdraw his Complaint, despite his knowledge that his claim is time barred, Air Methods filed a Renewed Motion for Summary Judgment ("Renewed Motion").  The single issue raised in the Renewed Motion is whether Plaintiff's Complaint should be dismissed with prejudice because it was not filed within the applicable statute of limitations period.

As described in more detail below, the Court should sanction Plaintiff and Mr. Russo because (1) the Complaint is not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, and (2) because Plaintiff continued to prosecute his Complaint even after conducting discovery and discovering no new facts or circumstances altering the conclusion that his claim was barred by the six-month statute of limitations as a matter of law.  As a part of the sanctions, the Court should require Plaintiff and Mr. Russo to pay Air Methods' attorneys' fees and costs incurred in defending this matter.

## **QUESTIONS PRESENTED**

1.      Whether Mr. Russo and/or Plaintiff violated Fed. R. Civ. P. 11 by initially filing the Complaint when Plaintiff's claim was barred by the statute of limitations as a matter of law.

2.      Whether Mr. Russo and/or Plaintiff violated Fed. R. Civ. P. 11 and/or 28 U.S.C. § 1927 by maintaining this action even after the discovery period.

## ARGUMENT

**A.     Standard for Sanctions and Attorneys' Fees.**

Air Methods seeks sanctions and attorneys' fees against both Plaintiff and Mr. Russo pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927. Sanctions under both provisions are extraordinary. *See e.g., Ford Motor Credit Co. LLC v. Maxwell*, 2014 WL 4105232, at *6 (M.D. Pa. Aug. 19, 2014) (Mariani, J.) ("§ 1927 sanctions are only appropriate where an attorney's actions are so outrageous and obvious to the court that it need not use hindsight nor *post hoc* analysis to conclude that counsel's actions were intentional and improper.") (Internal quotations omitted); *Kocher v. Borough*, 2013 WL 2126700 at *2 (M.D. Pa. May 15, 2013) (citing *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988) (Rule 11 sanctions are warranted "only in the 'exceptional circumstances' where a claim or motion is patently unmeritorious or frivolous.")). The circumstances presented here are extraordinary and, therefore, as discussed below, the Court should impose sanctions against Plaintiff and Mr. Russo.

   i.   Standard for sanctions under Fed. R. Civ. P. 11.

Fed. R. Civ. P. 11, in part, states:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that <u>to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances</u> . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2) (emphasis added). Further, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may

4

impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). As one court stated, Rule 11 "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus.,* 788 F.2d 151, 157 (3d Cir. 1986). "The signature of counsel on a pleading certifies that a reasonable investigation of the facts and a normally competent level of legal research support the presentation." *Id.*

"In evaluating a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." *Kocher v. Borough*, 2013 WL 2126700 at *2 (M.D. Pa. May 15, 2013) (citing *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010)). "'Reasonableness' in the context of Rule 11 has been defined as 'an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact.'" *Soo San Choi v. D'Appolonia*, 252 F.R.D. 266, 271 (W.D. Pa. 2008).

      ii.      <u>Standard for sanctions under 28 U.S.C. § 1927.</u>

28 U.S.C. § 1927 allows for attorneys' fees to be imposed against an attorney, and states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "The principal purpose of sanctions under § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 101 (3d Cir. 2008).

"Section 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Ford Motor Credit*, 2014 WL 4105232 at *3 (quoting *LaSalle*, 287 F.3d at 288). Unlike Rule 11 sanctions, "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Central, Inc.,* 580 F.3d 119, 142 (3d Cir.2009). "As such, under § 1927, an attorney's conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Id.* "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *In re Prudential Ins. Co. America Sales Practice Litigation,* 278 F.3d 175, 188 (3d Cir.2002).

**B.     The Court Should Sanction Plaintiff And Mr. Russo.**

Air Methods recognizes the extraordinary nature of the relief it seeks. The present matter, however, is extraordinary. Because Plaintiff's Complaint was not filed within the limitations period and there are no objectively reasonable legal or factual bases to find otherwise, Plaintiff and Mr. Russo failed to meet the standards of Rule 11 and Section 1927.

i.     <u>Plaintiff and Mr. Russo violated Rule 11 by filing the Complaint.</u>

The claims and legal contentions made in the Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

The law regarding the statute of limitations period in hybrid actions, like the one Plaintiff asserts in his Complaint, is well established and undisputed. The Third Circuit applies a six-

6

month statute of limitations period to hybrid claims brought under the Railway Labor Act, 45 U.S.C. §§ 151-188.  *Sisco v. Conrail*, 732 F.2d 1188, 1193 (3d Cir. 1984) (applying Supreme Court's reasoning in *DelCostello v. Intl. Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983) to actions under the Railway Labor Act); *see also* Plaintiff's Brief in Opposition, pp. 5-6 [Doc. 12] (admitting that a six-month statute of limitations period applies to Plaintiff's claim).  It is further undisputed that the statute of limitations period accrues when plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.  *Vadino v. A. Valey Engineers*, 903 F.2d 253, 261 (3d Cir. 1990); *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir. 1985); *see also* Plaintiff's Brief in Opposition to Air Methods' Motion, pp. 5-6 [Doc. 12] (stating that the limitations period begins to run when plaintiff receives notice that the union will proceed no further with the grievance).

The facts demonstrate that Plaintiff's Complaint is time barred as a matter of law.  As detailed in Air Methods' Motion for Judgment on the Pleadings and Renewed Motion, Plaintiff's claim accrued on April 5, 2012, when then-Union President McDade informed Plaintiff via both email and letter that the Union would not pursue his grievance.  *See* April 5, 2012 letter, attached to Defendant's Statement of Undisputed Facts to its Renewed Motion for Summary Judgment and Brief in Support of Renewed Motion as Exhibit 5 and April 5, 2012 Email Chain, attached to Defendant's Statement of Undisputed Facts to its Renewed Motion for Summary Judgment and Brief in Support of Renewed Motion as Exhibit 3.  As noted above, Plaintiff did not file his Complaint until March 4, 2014 – almost 17 months after the statute of limitations period passed.  Thus, Plaintiff's Complaint was barred as a matter of law.

Following the April 5, 2012 correspondence, Plaintiff did not communicate with anyone from the Union.  Plaintiff attempted to create a disputed issue of fact regarding the accrual date

of his hybrid claim by stating in his Brief in Opposition that "[t]he facts reveal that the Plaintiff communicated with Dan McDade subsequent to the April 5, 2012 letter." *See* Plaintiff's Brief in Opposition, p. 6, [Doc. 12].  Mr. Russo and Plaintiff knew or should have known this allegation was entirely baseless.  During discovery, Plaintiff even admitted he did not communicate with Mr. McDade subsequent to the April 5, 2012 letter. *Moore Depo.,* 135:8-12; 140:6-11; 143:10-14.  See Moore deposition, attached hereto as **Exhibit 3.**  Instead, as Plaintiff himself stated, he only "hoped" the Union would reverse its decision and reconsider his grievance. *Moore Depo.,* 145:18-25.  Plaintiff did not have any evidence at the time of filing the Complaint, nor any objectively reasonable belief that such evidence would be uncovered through discovery, that would alter the accrual date of his claim.[2]

The absence of any objectively reasonable basis to toll the statute of limitations further evidences that Rule 11 sanctions are warranted.  Although Plaintiff vaguely referenced equitable estoppel and cited a handful of estoppel cases in his Brief in Opposition, he neither alleged any facts in support of an estoppel theory nor presented any tenable analysis.  *See* Brief in Opposition, pp. 7-8, [Doc. 12].  Moreover, Plaintiff did not even assert the statute of limitations

---

[2] In Plaintiff's November 20, 2014 Brief in Opposition to [the Union's] Motion for Summary Judgment, Plaintiff argues he had a "ray of hope" that the Union would reconsider his grievance. Plaintiff's Brief in Opposition, pp. 6-8, [Doc. 29].  Plaintiff's position is entirely inconsistent with the law and demonstrates the need for sanctions in this matter.  In short, the "ray of hope" cases cited by Plaintiff find a "ray of hope" when there is active and ascertainable equivocation by the union.  *See e.g. Childs v. Pennsylvania Federation Broth. Of Maintenance Way Employees*, 831 F.2d 429, 435-36 (3d Cir. 1987) (finding "rays of hope" concerning plaintiff's grievance when plaintiff "received mixed signals from the union" and it could not "be said with certainty that [plaintiff] reasonably should have realized the futility of further administrative proceedings.").  Here, in contrast, it is entirely undisputed that the Union did not respond to Plaintiff's April 19, 2012 email requesting reconsideration or give any mixed signals regarding the status of Plaintiff's grievance.  *See* Plaintiff's Brief in Opposition, p. 4, [Doc. 29] (headnote entitled "The Union never answered Plaintiff's request for reconsideration of the denial of his grievance.").  Plaintiff's argument, therefore, is legally frivolous and cannot satisfy Rule 11's requirement that Mr. Russo conduct a "normally competent level of legal research [to] support the presentation." *Lieb, supra,* 788 F.2d at 157.

8

period should be tolled. Because Plaintiff and Mr. Russo failed to allege any objectively reasonable basis to estop or toll the statute of limitations period, they failed to assert any reason the statute of limitations period should not apply to bar Plaintiff's Complaint.

Plaintiff and Mr. Russo may argue that Mr. Russo's filing of their Praecipe for Writ of Summons ("Praecipe") created an objectively reasonable argument that the statute of limitations did not bar Plaintiff's claim. However, any research regarding Pennsylvania Rule of Civil Procedure Rule 1007, would have disclosed to Mr. Russo that the Praecipe did not save Plaintiff's claim from being barred. In order for a Praecipe to commence an action under the Rule, it must have been filed within the original limitations period, *see Shackelford v. Chester County Hosp.*, 690 A.2d 732, 735 (Pa. Super. Ct. 1997), and a good faith effort must have been made to effectuate service of the writ. *Lamp v. Heyman*, 366 A.2d 882, 894 (Pa. 1976). Plaintiff complied with neither requirement. Plaintiff's argument in this regard is further undermined by the fact that it was not even raised in Plaintiff's Brief in Opposition, [Doc. 12].

Plaintiff's filing of the Complaint 17 months after the expiration of the statute of limitations, in light of the Third Circuit's well-established law regarding the statute of limitations period and the absence of any credible argument that the statute of limitations does not apply or should have been tolled violates Rule 11. Simply, Mr. Russo either failed to complete any "reasonable investigation" or research as required by Rule 11 to discover the relevant statute of limitations period or Mr. Russo did conduct an investigation into the facts, researched the relevant law, and knew Plaintiff's claim was barred by the statute of limitations, but chose to file the Complaint anyway. Both are objectively unreasonable and, therefore, violate Rule 11. *See e.g., Napier v. Thirty or More Unidentified Agents,* 855 F.2d 1080, 1091 (3d Cir. 1988) ("To

9

satisfy the affirmative duty imposed by Rule 11, an attorney must inquire into both the facts and the law before filing papers with the court.").

In *Matthews v. Freedman*, 128 F.R.D. 194 (E.D. Pa. 1989), the court sanctioned plaintiff's attorney under Rule 11, in part, for filing a Title VII claim which was clearly precluded by the applicable statute of limitations. In so doing, the court stated that "[t]he filing of a Title VII claim clearly precluded by the applicable statute of limitations is legally frivolous, is not well grounded in fact, and is without factual or legal justification; the filing of such a claim cannot, therefore, be characterized as reasonable under the circumstances." *Matthews*, 128 F.R.D. at 198 (internal citations and quotations omitted). Here, just like in *Matthews*, Plaintiff's Complaint was clearly precluded by the statute of limitations and, therefore, violates Rule 11 because it was legally frivolous, not well grounded in fact, and without factual or legal justification.

The Third Circuit Court of Appeals has similarly found Rule 11 sanctions appropriate when a complaint was filed outside of the statute of limitations period and the arguments against application of the statute of limitations period were "frivolous and fail to circumvent the two-year statute of limitations bar." *Napier v. Thirty or More Unidentified Agents,* 855 F.2d 1080, 1088 (3d Cir. 1988). The court also stated that filing "of a claim clearly precluded by the statute of limitations . . . was legally frivolous." *Id.* at 1091. Outside of the Third Circuit, courts have regularly imposed Rule 11 sanctions when a complaint was filed beyond the statute of limitations period. *See e.g. Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 985 (9th Cir. 1997) (filing of complaint violated Rule 11 because claims were barred by statute of limitations); *Johnson v. A.W. Chesterton Co.,* 18 F.3d 1362, 1365 (7th Cir. 1994) (attorney liable for sanctions under Rule 11 for filing claims barred by statute of limitations); *Slater v. Skyhawk*

10

*Transp., Inc.,* 187 F.R.D. 185, 199–200 (D.N.J. 1999) (filing of motion to amend complaint to add claim that was barred by statute of limitations violated Rule 11).  Because the Complaint was clearly barred by the applicable statute of limitations, the Court should impose sanctions under Rule 11 against Plaintiff and Mr. Russo.

>       ii.     Plaintiff and Mr. Russo violated Rule 11 and 28 U.S.C. § 1927 by maintaining this action following the discovery period.

Plaintiff and Mr. Russo's maintenance and continued prosecution of this action following the discovery period violates both Rule 11 and 28 U.S.C. §1927.  As described above, the Court's June 26, 2014 Order permitted a short period of discovery which concluded on October 1, 2014 and which was limited to any material that is pertinent to the statute of limitations issue.  *See* June 26, 2014 Order, p. 3, [Doc. 19].  Depositions of Plaintiff and former Union President McDade were taken, and revealed there was no factual basis warranting tolling, estoppel, or an alteration in the accrual date of the statute of limitations period.  Mr. Russo subsequently rebuffed undersigned counsel's multiple efforts to discuss this matter and Air Methods' contention that he and Plaintiff may have exposure for attorneys' fees and sanctions.  Ultimately, Plaintiff and Mr. Russo refused to withdraw the Complaint, thereby causing Air Methods to draft and file its Renewed Motion.  Plaintiff and Mr. Russo's failure to withdraw the Complaint, despite having specific notice that the allegations were not supported by law or fact, violates Rule 11 and Section 1927.

>       a.      *Plaintiff and Mr. Russo's maintenance of this action violates Rule 11.*

Plaintiff and Mr. Russo's maintenance of this action following the discovery period is arguably more egregious than their initial filing of the Complaint.  During the discovery period, absolutely no new evidence was discovered or law published altering the conclusion that Plaintiff's claim is barred by the statute of limitations.  Further, no new evidence was discovered

11

warranting the estoppel, tolling, or change in the accrual date of the statute of limitations. It is not objectively reasonable for Plaintiff and Mr. Russo to maintain this action after being specifically informed via Air Methods' Motion for Judgment on the Pleadings that the claim was barred and after the discovery period revealed no exceptions to such bar.

It is especially egregious that Plaintiff's counsel maintains his "position is the same as was stated in my earlier brief." *See* November 1, 2014 Email, attached hereto as **Exhibit 4**. Apparently, Mr. Russo sees no problem with restating the same legally frivolous arguments he has already made. Mr. Russo's intent to restate the same argument, even after discovery, demonstrates how objectively unreasonable it is for him to maintain this action. As one court held, plaintiff's attorney is subject to Rule 11 sanctions where he continued to "proceed with his [] claim in the face of overwhelming, uncontradicted authority that it was barred." *Lolling v. Patterson*, 138 F.R.D. 109, 113 (C.D. Ill. 1991). Plaintiff and Mr. Russo violated Rule 11 because they continued to maintain this action in the face of overwhelming, uncontradicted authority that it was barred.

      b.  *Mr. Russo's maintenance of this action violates 28 U.S.C. § 1927.*

As noted above, "Section 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Ford Motor Credit*, 2014 WL 4105232 at *3. Unlike Rule 11 sanctions, "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider*, 580 F.3d at 142. There can be no doubt Mr. Russo's refusal to withdraw the Complaint multiplied the proceedings in an unreasonable and vexatious manner, thereby increasing the cost of the proceedings because it

12

required Air Methods to prepare and file a Renewed Motion and to incur the costs associated with such motion. Thus, the only question is whether Mr. Russo's continued prosecution of this action constituted bad faith.

"Indications of [] bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Prudential Ins. Co.,* 278 F.3d at 188. "Bad faith may also be inferred when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *D'Auria v. Minniti (In re Minniti),* 242 B.R. 843, 850 (Bankr. E.D. Pa. 2000).

Mr. Russo's knowledge that the Complaint is legally frivolous, combined with his decision to nevertheless continue prosecuting this matter, demonstrates his bad faith. Further, that Mr. Russo's position regarding Air Methods' Renewed Motion "is the same as was stated in [his] earlier brief" proves that his continued prosecution was for an improper purpose such as harassment. Mr. Russo's continued prosecution simply can be for no other purpose than to harass and cause Air Methods to spend unnecessary time and money defending this action. Both are improper and demonstrate Mr. Russo's bad faith. Thus, Mr. Russo violated Section 1927.

C.  **The Appropriate Sanction Is To Require Plaintiff And Mr. Russo to Pay Air Methods' Attorneys' Fees And Costs Incurred By Defending This Action.**

Attorneys' fees and costs are available sanctions under both Rule 11 and Section 1927. Fed. R. Civ. P. 11(c)(4); 28 U.S.C. § 1927. The principal purpose of sanctions is to deter the behavior. *See* Fed. R. Civ. P. 11(c)(4); *Schaefer*, 542 F.3d at 101.

Plaintiff and Mr. Russo should be sanctioned under Rule 11 and required to pay <u>all</u> of the attorneys' fees and costs Air Methods' incurred as a result of defending this action, including the costs and fees associated with answering Plaintiff's Complaint, drafting a Motion and Brief for

13

Judgment on the Pleadings and a subsequent Reply, participating in the two depositions, drafting a Renewed Motion and Reply, and drafting the Motion for Sanctions and supporting Brief. These attorneys' fees and costs would not have been incurred but for Plaintiff and Mr. Russo's filing of the Complaint.  Moreover, there is no less serious sanction that would serve a deterrent effect.  Plaintiff and Mr. Russo either failed to conduct any investigation prior to filing the Complaint, or conducted an investigation, realized the claim was barred by the statute of limitations, and nevertheless chose to file the Complaint.  Both are egregious violations of Rule 11 and warrant the payment of Air Methods' attorneys' fees.

If the Court declines to sanction Plaintiff and Mr. Russo for their act of filing the Complaint, then, alternatively, the Court should sanction Plaintiff and Mr. Russo for failing to withdraw the Complaint after the discovery period.  A sanction for this period should require Plaintiff and Mr. Russo to pay the attorneys' fees and costs Air Methods incurred as a result of drafting a Renewed Motion and Reply, and drafting the Motion for Sanctions and supporting Brief.  There is no less serious sanction that would serve a deterrent effect.  Plaintiff and Mr. Russo persisted in prosecuting this matter without any evidence or objectively reasonable legal argument that the applicable six-month statute of limitations period does not bar Plaintiff's hybrid action.  Thus, Plaintiff and Mr. Russo continued to prosecute this matter with full knowledge that it was legally frivolous. *McCandless v. Great Atl. & Pac. Tea Co.*, 697 F.2d 198, 200 (7th Cir. 1983) ("[t]he only litigants who are likely to be deterred are those who are aware that their claim is baseless but press on for some improper reason, such as harassment.").

Air Methods recognizes that the Court applies the lodestar method of calculation to determine the appropriate amount of fees to award as a sanction. *Doering*, 857 F.2d at 195 ("The starting point for a determination of attorney's fees, the lodestar calculation, is the product of the

number of hours reasonably expended in responding to the frivolous paper times an hourly fee based on the prevailing market rate."). If the Court sanctions Plaintiff and Mr. Russo and requires them to pay Air Methods' attorneys' fees and costs associated with this matter, Air Methods will promptly file the appropriate documents indicating the hours worked, appropriate hourly rate, and costs incurred as a result of Plaintiff and Mr. Russo's conduct.

## CONCLUSION

Based on the foregoing, the Court should sanction Plaintiff and Mr. Russo pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 and require them to pay the attorneys' fees and costs Air Methods has incurred in defending this matter.

## CERTIFICATE OF COMPLIANCE WITH M.D. Pa. Civ. P. R. 7.8

Defendant Air Methods certifies that this Brief complies with the word-count limit described in Local Rule 7.8(b). According to the word count feature used in undersigned counsel's word processing system, the word count of this document is 4,845.

Respectfully submitted this 26th day of November, 2014.

SHERMAN & HOWARD L.L.C.

s/ Raymond M. Deeny
Raymond M. Deeny (PA 315033)
Patrick Scully
Jonathon Watson
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202
Telephone:  (303) 297-2900
Facsimile:   (303) 298-0940
rdeeny@shermanhoward.com
pscully@shermanhoward.com
jwatson@shermanhoward.com

**CERTIFICATE OF SERVICE**

      I hereby certify on this 26th day of November, 2014, the foregoing **DEFENDANT AIR METHODS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Donald P. Russo, Esq.
Law Offices of Donald P. Russo
35 E. Elizabeth Avenue
P.O. Box 1305
Bethlehem, PA  18016
Russolaw35@gmail.com

Claudia Davidson
Offices of Claudia Davidson
429 Fourth Ave.
400 Law & Finance Building
Pittsburgh, PA 15219
claudia.davidson@pghlaborlawyers.com

                                        s/ Cheryl D. Witt, Legal Secretary

SPRINGS/1413910.1